**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTOPHER A. HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-483-JED-TLW |
| | ) |
| MR. OKOFOR; MR. SHARP; | ) |
| KENNETH JORDAN MITCHEL; | ) |
| JOHN DOES (Head medical doctor, | ) |
| Medical nurse, Operations officer), | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action filed by Plaintiff, a federal prisoner appearing *pro se*. Plaintiff filed his Complaint (Doc. 1) on July 31, 2013. By Order filed August 2, 2013 (Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed Plaintiff to file an Amended Complaint to cure various deficiencies. On October 7, 2013, Plaintiff filed an Amended Complaint (Doc. 11), along with a motion for appointment of counsel (Doc. 13). On November 18, 2013, Plaintiff filed a motion for extension of time to obtain the names of the John Doe defendants (Doc. 16), along with a motion for discovery (Doc. 17). By Order filed November 27, 2013 (Doc. 18), the Court denied Plaintiff's motions for appointment of counsel and for discovery, granted Plaintiff's motion for an extension of time, dismissed without prejudice Defendant Mitchel, and required Plaintiff to submit additional service forms for Defendants Okofor and Sharp. Thereafter, on March 12, 2014, Plaintiff filed his Second Amended Complaint (Doc. 25), along with a second motion for additional time to ascertain the names of the John Doe defendants (Doc. 26). For the reasons discussed below, the Second Amended Complaint fails to state a claim

upon which relief may be granted and shall be dismissed without prejudice. The second motion for extension of time is declared moot.

As a preliminary matter, the Court finds that the Second Amended Complaint (Doc. 25) replaces and supersedes both the original Complaint (Doc. 1) and the Amended Complaint (Doc. 11). Therefore, the only claims properly before the Court are those raised in the Second Amended Complaint.

### *BACKGROUND*

The Court takes judicial notice that on August 9, 2012, in N.D. Okla. Case No. 12-CR-057-GKF, Plaintiff entered pleas of guilty to Counts 1 and 2 of a Superseding Indictment. On November 15, 2012, the Court sentenced Plaintiff to a total term of imprisonment of 121 months, as follows: 37 months for Count 1, Bank Robbery with a Dangerous Weapon; and 84 months for Count 2, Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence. Judgment was entered on November 15, 2012.

In this civil rights case, Plaintiff states, in his Second Amended Complaint (Doc. 25), that on December 8, 2012, or after he had been convicted and while he remained in custody at the David L. Moss Criminal Justice Center (DLMCJC), the facility serving as the Tulsa County Jail, he was assaulted while eating breakfast. During the assault, Plaintiff's "eyelid was split open." *Id.* at 9. He complains that he received negligent medical care for the injury to his eye. Plaintiff further states that on January 11, 2013, he was stabbed while in his cell, receiving wounds to his chest, face, head, neck and arms. *Id.* at 10. He complains that Defendant Sharp, a detention officer, failed to call for back up or other help. *Id.* After the stabbing incident, Plaintiff alleges that jail officials delayed in making the decision to take him to the hospital. *Id.* at 12-13. Once he was returned to

the facility after receiving treatment at the hospital, Plaintiff claims that medical officials negligently failed to administer pain medication. *Id.* at 13. Plaintiff further alleges that Defendant Okofor, a detention officer, taunted and harassed him, and subjected him to unreasonable searches. *Id.* at 10-11. He sues Mr. Okofor, Mr. Sharp, and three John Does: the head medical doctor, the medical nurse, and the operations officer. *Id.* at 7-9. All defendants are sued in their official capacities, and all defendants, with the exception of the operations officer, are also sued in their individual capacities. *Id.*

Based on those factual allegations, Plaintiff identifies four (4) causes of action, as follows:

Count 1:   All defendants. Violation of Plaintiff's equal protection rights under the Eighth and Fourteenth Amendments.

Count 2:   Defendant Okofor only. Unreasonable searches and seizures in violation of Plaintiff's Fourth Amendment rights.

Count 3:   All defendants. Gross negligence.

Count 4:   Defendants John Doe/head medical doctor, and Jane Doe/medical nurse. Medical malpractice.

*Id.* at 13-16. In his request for relief, Plaintiff asks for the following:

1. A declaratory judgment declaring the following: A) $5,000,000.00 (Five million dollars); B) the defendants negligence of following policies in the performance of their duties violated plaintiff's rights under the fourth, eighth, and fourteenth amendments.
2. That the plaintiff have and receive a jury trial on all issues triable; and
3. Such other and further relief as to the Court seems just and proper.

*Id.* at 16.

*ANALYSIS*

**A.  Dismissal under 28 U.S.C. § 1915A, § 1915(e)(2)(B)**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558. *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden

of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B. Second Amended Complaint shall be dismissed**

    **1.    Equal protection claim is conclusory and unsupported by facts (Count 1)**

As his first cause of action, Plaintiff alleges that all defendants violated his rights under the equal protection clause. Equal protection "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Where a classification targets a suspect class or involves a fundamental right, it must be narrowly tailored to achieve a compelling governmental interest. *KT & G Corp. v. Attorney Gen. of Okla.*, 535 F.3d 1114, 1137 (10th Cir. 2008). If it does not, it need only be rationally related to a legitimate government purpose. *Id.* Religion and race are suspect classifications. *See, e.g., Abdulhaseeb*, 600 F.3d 1301, 1322 n.10 (10th Cir. 2010) (religion); *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002) (race). In order to violate the equal protection clause, state action must be motivated by an improper purpose, rather than merely having a disparate impact. *Washington v. Davis*, 426 U.S. 229, 239-42 (1976).

In this case, Plaintiff makes no factual allegations supporting his conclusory claim that all defendants engaged in conduct violative of the equal protection clause. He does not identify himself as a member of a suspect class, he does not allege involvement of a fundamental right, and he does not claim that he was treated differently than similarly situated prisoners at DLMCJC. For that reason, Count 1 of the Second Amended Complaint fails to state a claim upon which relief may be granted.

### 2. Fourth Amendment does not apply in prison (Count 2)

In Count 2, Plaintiff alleges that Defendant Okofor subjected him to unreasonable searches and seizures in violation of the Fourth Amendment. He claims that Defendant Okofor "would come into Unit J-6 and search, harass, and taunt plaintiff by saying that the plaintiff got his ass whipped in Unit J-4 in December 2012." *See* Doc. 25 at 11.

Prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells." *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 522-30 (1984)). "A right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S. at 527–28. Furthermore, *Hudson* implicitly recognizes that an unlawful cell search does not violate the Fourth Amendment even though it is conducted for reasons unrelated to prison security. In *Hudson* the Supreme Court refused to address the prisoner's argument that searches designed to harass inmates are invalid, because to maintain this argument the Court would have had to assume that prisoners have some expectation of privacy in their cells. *Id.* at 529-30.

The Court's unwillingness to recognize even limited expectations of privacy in a prisoner's cell indicates that, regardless of a search's purpose, it is proper under the Fourth Amendment.[1] Because Plaintiff, a convicted prisoner, had no Fourth Amendment protections against unreasonable searches and seizures, the claim raised in Count 2 necessarily fails to state a claim upon which relief may be granted.

### 3. Claims of negligence and medical malpractice do not rise to level of constitutional violations (Counts 3 and 4)

In Counts 3 and 4 of the Second Amended Complaint, Plaintiff alleges that all defendants were grossly negligent and that the medical defendants committed medical malpractice in caring for the injuries he sustained on December 8, 2012, and January 11, 2013. *See* Doc. 25 at 15-16.

For convicted prisoners, like Plaintiff, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)

---

[1] Although Plaintiff relies solely on the Fourth Amendment as providing the source of constitutional protection from unreasonable searches and seizures, the Court recognizes that prisoners are not without constitutional protections against searches conducted for purposes of harassment. *See Hudson*, 468 U.S. at 530 (discussing possible Eighth Amendment protections against harassment-driven searches). As noted by the Tenth Circuit in its review of Eighth Amendment claims arising from cell searches, "courts have determined that frequent and retaliatory cell searches which result in the violent dishevelment of [the prisoner's] cell and cause the prisoner to suffer 'fear, mental anguish, and misery' constitute an Eighth Amendment violation." *Chevere v. Johnson*, No. 93–6281, 1994 WL 577554, at *2 (10th Cir. Oct.17, 1994) (unpublished opinion cited for persuasive value pursuant to Tenth Circuit Rule 32.1). In this case, Plaintiff alleges that Defendant Okofor unreasonably searched and harassed him and "intentionally tried to turn all of the other inmates against the plaintiff by group punishment." *See* Doc. 25 at 11. However, Plaintiff fails to allege a retaliatory motive or that he suffered in any way from the cell searches at issue. Thus, even if Plaintiff had identified the Eighth Amendment as a source of constitutional protection, his allegations are insufficient to demonstrate the severe harassment necessary to give rise to an Eighth Amendment claim.

(quoting *Hudson*, 468 U.S. at 526-27). To assert an Eighth Amendment claim, a plaintiff must satisfy a two-prong test – an objective component showing that the deprivation suffered or the conduct challenged was "objectively sufficiently serious," and a subjective component showing that the defendant had a sufficiently culpable state of mind or was "deliberately indifferent" to the inmate's safety. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 827; *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). As to medical care claims, the objective element is satisfied "if the condition has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (internal quotations omitted). The subjective element is satisfied when a plaintiff shows that the defendant was subjectively aware of a substantial risk of serious harm to an inmate but failed to take steps to alleviate the risk. *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Significantly, however, negligence does not state a claim under § 1983 for deliberate indifference to medical needs. *See Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment also are not enough to state a deliberate indifference claim. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). In *Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000), the Tenth Circuit recognized two types of conduct that may constitute deliberate indifference

in a prison medical case: (1) absent negligence, a medical professional failing to treat a serious medical condition properly; and, (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition. *Id.* at 1211; *see also Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Oxendine*, 241 F.3d at 1277 n.7 (internal citations and quotation marks omitted). Furthermore, a delay in medical care constitutes a constitutional violation only where the plaintiff can show that the delay resulted in substantial harm. *Id.* at 1276.

In this case, Plaintiff alleges that defendants were only negligent with regard to the conditions of his confinement and in providing medical care for his injuries. Those claims fail to rise to the level of an Eighth Amendment violation. Although Plaintiff states that "[t]he conduct of defendants in neglecting the plaintiff's safety and rights was purposeful," he fails to allege facts demonstrating that any defendant acted with deliberate indifference to Plaintiff's safety. Furthermore, Plaintiff's factual allegations reflect that he received medical care for his injuries, but that he disagreed with the course of treatment provided or was dissatisfied because of delay in the provision of medical care. Significantly, Plaintiff does not allege that any delay resulted in substantial harm. Therefore, the Court concludes that Plaintiff's claims of negligence and medical malpractice, as alleged in Counts 3 and 4, fail to state a claim upon which relief may granted.

### 4. Official capacity claims fail to state a claim

Lastly, Plaintiff sues all defendants in their official capacities. *See* Doc. 25 at 7-9. Claims against a government officer in his official capacity are actually claims against the government entity for which the officer works. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Under § 1983,

a municipality may not be held liable on a theory of respondeat superior. *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Instead, the plaintiff must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir. 2001) (internal quotation marks omitted). To establish municipal liability, a plaintiff must show: 1) the existence of a municipal policy or custom and 2) a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

As discussed in Parts B(1), (2), and (3), above, the Second Amended Complaint fails to state a claim as to any underlying constitutional violation by any defendant. For that reason, the Second Amended Complaint is insufficient to state a claim as to municipal liability. *Hinton*, 997 F.2d at 782; *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1317 (10th Cir.1998) ("A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."). Therefore, to the extent Plaintiff has sued defendants in their official capacity, the Second Amended Complaint fails to state a claim upon which relief may be granted. Hence, Plaintiff's official capacity claims shall be dismissed without prejudice.

### C. First "prior occasion" under 28 U.S.C. § 1915(g)

As noted, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his Second Amended Complaint fails to state a claim upon which relief may be granted. As a result, the Second Amended Complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### D. Filing fee obligation

As a final matter, Plaintiff is reminded that he remains obligated to pay in monthly installments the balance owed on the filing fee for this case. *See* 28 U.S.C. § 1915(b). As of today's date, the Court has received eight (8) partial filing fee payments totaling $124.72. Thus, the balance owed on the $350 filing fee is **$225.28**.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's Second Amended Complaint (Doc. 25) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.
2. Plaintiff's motion for extension of time (Doc. 26) is **declared moot**.
3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case. As of today's date, the balance owed on the filing fee is **$225.28**.

5. A separate judgment shall be entered in this matter.

ORDERED THIS 7th day of April, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE